ELISE REICH, as Administratrix, etc., of WILLIAM REICH, Deceased, Appellant, *v.* THE UNION RAILWAY COMPANY of New York City, Respondent.

*Expert evidence — when admissible — motorman on an electric car — not bound to anticipate any one's crossing the tracks in the middle of a block.*

Expert evidence will not be allowed upon the trial of an action where the facts can be stated and described to the jury in such a manner as to enable it to form a correct judgment in regard to them, but where it is impossible to so state the facts that the jury can comprehend them, and no better evidence is obtainable than the actual observations of a witness, then expert evidence becomes admissible.

The motorman on a car upon an electric surface railroad is not bound to expect or anticipate the fact that a boy is going to cross the car tracks in the middle of a block.

APPEAL by the plaintiff, Elise Reich, as administratrix, etc., of William Reich, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 31st day of March, 1893, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*G. W. Smith,* for the appellant.

*W. S. Cogswell,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages because of the killing of the plaintiff's intestate by one of the defendant's cars. It

appeared upon the trial that, upon the evening in question, which was pleasant, but dark, the deceased was playing with some comrades in the street at a considerable distance from the crossing. There was a crowd of youngsters chasing the boy. A car was going north at about seven miles an hour, making a stop at the crossing. There was also a car going south. Just as the tail end of the northbound car was passing the boy, he left the east sidewalk to go across Third avenue diagonally tending towards the south, and when he stepped on the south-bound track, the north-bound car was about twenty-five to thirty feet away, and the south-bound car was about four feet from him. Before the boy came upon the south-bound track, the motorman shouted and rang the bell, the other boys at this time being six or seven feet away from him. One of the witnesses testified that, when the motorman shouted and rang the bell, the deceased attempted to go across the track. He was struck by the car and run over and killed. In another place, one of the witnesses stated that the boy ran within eight feet from the rear dashboard of the north-bound car, and that this car cut off his view of the car coming south. Upon this evidence the court dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

The only question which seems to be at all important upon this appeal, is as to whether the court was justified in excluding the questions put to the witness Klebs as to the distance at which this boy could have been seen by the motorman of the south-bound car, the south-bound car and the north-bound car being in the position stated in the questions propounded. It is undoubtedly true that expert evidence will not be allowed where the facts can be stated and described to the jury in such a manner as to enable them to form a correct judgment thereupon. But where it is impossible to so state the facts that the jury may be able to comprehend them, and no better evidence than the actual observations of the witness is attainable, then expert evidence is admissible. In the case at bar it was claimed, on the part of the plaintiff, that the question as to how far the motorman of the south-bound car could see the deceased after the passing of a north-bound car was material. But it seems to us, from the evidence in the case, that the motorman of the south-bound car had no right to expect or anticipate the fact that this boy was going to

cross the track in the middle of the block. He undoubtedly, under the rules, was required to be more vigilant at the crossing, where he might naturally expect parties to cross the track, than in the middle of the block. Furthermore, if the motorman could see the boy in the dark, it being conceded that it was dark, the boy certainly could see the car, a very much larger and more conspicuous object, and he, crossing in the position in which he was, was bound to look and see that the way was clear. If the car was within sight sufficiently long for the motorman to have avoided the boy, it was in sight sufficiently long for the boy to have avoided the car. It appears from the evidence that as soon as the motorman saw that the boy was going to cross the track he warned him, and the only result was an attempt, upon the part of the boy, to rush in front of the car and go over, when he first presented himself in front of the car, he being only four feet away. Under the rules laid down in the case of *Fenton* v. *Second Avenue Railroad Co.* (126 N. Y. 625) under such circumstances a recovery cannot be had. Therefore, the evidence which was excluded seems to have been immaterial. It may further be suggested that in the questions which were put, no one of them in its facts coincided with the testimony which had been introduced showing the position of these cars and the boy previous to and at the time of the happening of the accident.

The case seems to be entirely free from any proof of negligence upon the part of the motorman, and shows that the accident was the result of the carelessness of the deceased.

Judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.